# Exhibit 20

**Crusader Health RDC SPRL** 

NRC [illegible]

No. [illegible] 30 John Avenue,
Kolwezi,
RDC, Dem. du Congo

[illegible contact info]

## Notice of Dispute

To:     The Directorate
        Katanga Mining Limited
        cc: DRC Copper Cobalt Project SARL (DCP)
        cc: Kamoto Operating Ltd (KOL)

Attention: Mr. John Ross – CEO Katanga Mining Ltd

28 January 2010

<u>Contractual Notice of Dispute raised by Crusader Health RDC SPRL and Medical Services International against Katanga mining controlling DCP & KOL</u>

Crusader Health refers to your four letters of termination dated: 11 January 2010.

Crusader Health RDC SPRL (CH) hereby raises a dispute in terms of the contractual agreements under clauses 15.2, 15.3 and 15.4, and Medical Services International (MSI) under clauses 20.2, 20.3 and 20.4

The aggrieved companies namely CH and MSI raise the following disputes to this notification, in that Katanga Mining Limited, holding company of KOL & DCP have not served justified reasoning for the termination of the four medical contracts.

Points of dispute are:
  a. Notification of termination came with no stated argument or reason.
  b. DCP and KOL have never at any time notified CH and/or MSI of any breach of the contracts.
  c. CH and MSI believe that DCP and KOL breached their contractual agreement in that:
      i. Contractual payment deadlines were not adhered to. In some cases payment was five months behind.
      ii. Occupational health facilities were not provided.
      iii. Utilities and services were not provided as per contract.
      iv. Adequate employee and dependants lists were not provided on time.
  d. CH has gone beyond the call of its contractual obligations by providing medical services for at least eight months before any contract was signed.
  e. CH had to employ additional staff in Lubumbashi to take care of patients referred to specialists.
  f. CH has built three medical facilities in Kolwezi to serve KOL and DCP employees, their dependants, sub contactors and the greater community.

    i. Kolwezi Hospital – CH has invested USD1.8 million with a further USD0.3 million committed. Completion of the hospital will be suspended, resulting in consequential loss to the community and other beneficiaries. CH has shown huge commitment in this regard resulting in an investment that will not be utilized to its original intent.

    ii. CH has built a Community Clinic at the Luilu village which is ready for use. This clinic will become dormant.

    iii. CH has equipped and rehabilitated the Methodist Clinic in Kolwezi town which currently serve KOL and DCP employees, their dependants, sub contactors and the greater community. The termination of this contract will inevitably lead to retrenchment of staff and the reduction of service levels.

g. Contractually, CH was forced to employ medical staff formerly employed by DCP and KOL. This was barely nine months ago and now the retrenchment burden remains with CH.

h. CH was led to believe that a new contract was about to be signed, CH agreed to this in order to assist the mine with reducing costs. Evidence of these negotiations was as recent as October/ November 2009.

i. CH was committed to a three year contract and showed its intention and commitment through a significant capital investment, as a result of this, the company as a whole will suffer from future loss of profits and income, thus effecting the economic development of Kolwezi and its community.

j. At a meeting attended by our Country Manager, Dr Andre Bester, on the 19 January 2010, it was stated that Katanga Mining Limited intends building new PMTs and a new hospital at Luilu site which will be fully functional in six months. We enquired if we could be given the opportunity to tender for this, it was stated that the contract had been awarded to another company which CH believe to be a company belonging to a major shareholder. We find, not allowing the current provider the opportunity to tender, questionable for a public company.

In Summary

CH believes that underlying reasons which have not been clearly stated lead to the termination of this contract. Termination of this contract will lead to a sudden loss of the high standard of medical care and services which the community and the employees of DCP, KOL are accustomed to. Further more, the capital investment already made towards a new hospital soon to be put into operation will become dormant. The logic and intentions of Katanga Mining Limited are not clear, especially in that we were negotiating a new contact towards the end of 2009. We therefore take up our option to dispute the four letters of termination dated 11 January 2010 in which both parties must settle and discuss within 15 days of handing in this notice of dispute. Should we not settle the dispute within 30 days, we will then take the matter to arbitration.

On behalf of the Crusader Health Board of Directors
Crusdrc_01/210