# Exhibit 21

# Crusader Health RDC SPRL
NRC 1360  ID NAT.441/0456/E.N./KZI



No.1550 30 Juin Avenue,
Kolwezi
Katanga Province
Rép. Dém du Congo

Dr.Ian Hagen, Director and CEO of Crusader Health Group of Companies. Email: ███████@crusader-health.com

Mr.Mike Clifford, Director Finance Crusader Group of Companies. Email: ███████@crusader-health.com

To God be the Glory

The Directorate
Katanga Mining
CC  Komoto Operating Limited (KOL)
CC  DRC Copper Cobalt project SARL (DCP)

Date 31 March 2010

Attention: Mr. John Ross
Cc Mr. Louie Kasuyi

Dear Sirs

<u>Further to meetings held on the 1 March 2010 and 22 March 2010.</u>

We refer to your letter dated 29 March 2010 received 30 March 2010.

Crusader appreciates that a letter has been received and signed by the executive management of DCP/KOL as it now allows for proper engagement and decision making. We believe the current situation between the two parties is one of lack of intent and commitment by DCP/KOL management to resolve the situation, with DCP/KOL clearly stalling for time and KOL/DCP making a concerted effort to destabilise our operations in Kolwezi.

Please note that delivering an important letter as this one, opened, to one of our junior staff not only constitutes (yet another) clear breach of this Agreement, but in fact can be considered as a further attempt to destabilise the relationship between Crusader and its employees and its ability to further operate successfully in Kolwezi. (Other examples are KOL/DCP interviewing our staff after categorically stating in writing they will not do it, resulting in industrial action of our staff and resultant further damages to our company's impeccable reputation).

Our position has been stated many times in meetings and letters that the validity of the termination as per our notice of dispute is not clear to Crusader, notwithstanding the relationship and agreements that were in place; and this position has not changed to date nor was it even suggested by us that we might be changing in this regard. KOl/DCP and its your team have in no way addressed or even tried to explain why they have terminated the KOL/DCP contract. KOL/DCP arguments have been repetitive by trying to lead Crusader to explain the reason for termination or for Crusader to accept that the reason for

termination is not in dispute. This route is senseless as Crusader would not have submitted the Notice of Dispute if REASONABLE cause has been spelled out, convenience is just not good enough. We have KOL/DCP on record just before termination that our service provision is satisfactorily and that our infrastructure progress is progressing well and satisfactorily to DCP/KOL; and we have KOL/DCP on record that they are satisfied with the economics and scope of the newly negotiated contract, that was audited by your auditors Werksman, furthermore no notice of breach has been given to date. This could only lead us to believe that there is ulterior motives up to the termination. To date DCP/KOL has been given more than adequate opportunity to provide us with a REASONABLE cause for termination, but the fact that KOL/DCP does even attempt to answer this question, only helps to strengthen this view of ours.

Please let me remind you of the sequence of events giving reason to the current situation. Crusader Health received your letters of termination on the 11 January which gave no reason for termination. Crusader on the 28th January held a meeting with Mr. Kasuyi in his office to enquire if there was any way we could resolve or find a way to resume the contract. He stated the contract was irreversibly terminated and that Crusader were to leave the premises by the 10 April 2010. He stated that he could not give a reason for termination as he said he was still new to the company. Crusader in turn, as per contract, had the right to dispute the termination as per our "Notice of Dispute" dated 28 January 2010. At a meeting held on 1 March 2010, contractually KOL/DCP were supposed to address these disputes. (Please note time delay... the Agreement demanded for this meeting to take place in 15 days and delays were on KOL/DCP side). Instead of addressing the issues in the Notice of Dispute, the KOL/DCP team chose to rather ask leading questions on why Crusader thought the contract was terminated. After getting nowhere with this discussion, Mr Kasuyi reminded us of the implication of legal costs which would be exorbitant should we take the legal path and that both parties should try to avoid this path. He also asked that we go away and come back with a settlement suggestion which would see Crusader leaving the contract in an amicable manner. He further wanted to know what our main concerns were. I explained that the staff and hospital/clinics infrastructure investment was the main concern and could be a starting point and that I would need to discuss this with my Board. Subsequent to a meeting with the Crusader Health RDC Ltd Board, a letter dated the 15 March 2010 was sent stating our settlement suggestions, which totaled a specified amount of USD 16,084,556.00. On the 22 March a further meeting was held to discuss this settlement claim. Again KOL/DCP chose to ignore the dispute and argue the invalidity of these claims, which Crusader countered with substantiated reasoning. The eventual outcome to this meeting was that there was no alternative but to take the legal route.

Irrespective of your own conclusions and assessments of these meetings Crusader has offered the amicable approach. KOL/DCP approach has been one of secrecy as to the reason for termination, arguments and accusations without getting to a point of serious reasoning.

In conclusion to this contractual dispute matter; our position remains the same. We would be willing to sit down and discuss our Notice of Dispute dated 28 January 2010 and Letter of settlement dated 15 March 2010. Should a reasonable settlement not be reached by 10 April 2010, we will have no alternative but to pursue the legal avenue to recover damages against our company from KOL/DCP. (Please note that the contract allowed 30 days after issue of Notice of Dispute and all delays to date came from KOL/DCP side)

May we also remind you that KOL/DCP should attempt to stop pointing fingers of contractual obligations. At the time of writing this letter KOL/DCP is collectively a total of USD 1,434,161.05 outstanding on the contract, with still the last invoices to come. This delayed payment has been the trend throughout the contract, seriously impeding our cash flow and abilities to perform optimally. We expect to have full and final payment for all outstanding contractual issues before the 10th April 2010, at which stage we will render our final invoice for the last period.

I would further like to remind you of the last 4th & 5th points in your letter dated 29 March 2010, in that you have been totally misinformed of the circumstances around management of the three employees you quoted. It appears that there is miscommunication within KOL/DCP and that you were not informed about meetings that took place, decisions made and e-mails trails spelling it out. In a meeting held on the 24th March 2010 with ▉▉▉▉▉▉▉ and four other's representing your company and our Dr Mike Richards and Dr Jeanne Le Roux, it was AGREED that ALL referrals for serious illness will first pass the HR office namely Mr. Fernando Altomirano and Mr Kahozi, who will make the arrangements for transfer to Lubumbashi or wherever KOL/DCP sees fit. This was decided, amongst other, so that your new doctors are aware of these patients and their conditions for ongoing assessment and discussions with Lubumbashi doctors, which could surpass the 10th of April departure for Crusader. This was done in compliance to the contract so that Crusader could ensure and assist with a smooth handover. We can clearly state that these patients were consulted, treated and referred as per the contract and arrangements that we agreed on with your ▉▉▉▉▉▉▉▉▉▉. What is not in the contract is for us to provide money food and transport arrangements which we have been providing as a favour to your company for the last year; this is your obligation.

MJ Clifford
On behalf of the Directorate Crusader Health
Cc Dr Ian Hagen - CEO