

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

*Application **GRANTED**. A three-part inquiry determines whether to seal a document. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). For the reasons stated herein, the Court finds that the privacy and safety interests of third parties overcome the presumption, if any, of public access to such documents.*

Mark S. Cohen
212 957 7601
mcohen@cohengresser.com

*The Hagens shall file an unredacted version of Exhibit 8 and any documents with references thereto under seal.*

*The Clerk of Court is respectfully directed to close the motion at Dkt. No. 21.*

October 25, 2022

Dated: February 22, 2023
New York, New York

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re: *United States v. Glencore International, A.G.*, 22 Cr. 297 (LGS)

Dear Judge Schofield:

On behalf of our clients, Dr. Ian and Laurethé Hagen (the "Hagens"), we respectfully submit this letter motion to request that the Court permit the Hagens to file under seal Exhibit 8 to the Declaration of Dr. Ian Hagen (the "Hagen Declaration") in support of the Victim Impact Statement and Request for Restitution (the "Request for Restitution") filed in the above-referenced matter.

Pursuant to Section J.6(b) of the Court's Individual Rules and Procedures for Criminal Cases (the "Court's Rules"), this sentencing-related material has been redacted from the Hagen Declaration and the Request for Restitution. An unredacted copy of Exhibit 8 and copies of the Hagen Declaration and Request for Restitution marked to indicate what information has been redacted will be provided to the Court at the sentencing proceeding for review and filing under seal.[1]

As explained in the Request for Restitution, Exhibit 8 to the Hagen Affidavit contains preliminary findings of an investigation into a medical professional in the

---

[1] Consistent with Section J.6(a) of the Court's Rules, we have also redacted medical treatment and diagnosis information, personal identifying numbers, and email addresses in exhibits to the Hagen Declaration to comply with the Southern District's ECF Privacy Policy.



The Honorable Lorna G. Schofield
October 25, 2022
Page 2

Democratic Republic of the Congo ("DRC").[2] The investigation records in Exhibit 8 also include a statement that the file should be closed. The Hagens understand this to mean the record is not for public dissemination and that it may be considered sealed under the law of the DRC. We respectfully submit that Exhibit 8 should be filed under seal to preserve the privacy and safety of third parties and out of respect for principles of international comity.

It is appropriate to permit the filing of documents under seal if "countervailing factors" in the common law framework or "higher values" in the First Amendment framework so demand. *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006). Here, privacy and safety interests outweigh the need for public disclosure. Exhibit 8 is a confidential document relating to an investigation into a third-party. The privacy interests of "innocent third parties…should weigh heavily" in a sealing analysis. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The contents of Exhibit 8 also suggests that it may have been designated confidential to safeguard the physical well-being of certain parties. Because safety is recognized as a countervailing factor, there is additional cause to file Exhibit 8 under seal in order to "protect against potential harm." *Baliga v. Link Motion Inc.*, No. 18-CV-11642, 2022 WL 3584939, at *4 (S.D.N.Y. Aug. 22, 2022).

Furthermore, principles of international comity also weigh in favor of permitting Exhibit 8 to be filed under seal to the extent it may be considered sealed under DRC law. *See Omari v. Ras Al Khaimah Free Trade Zone Auth.*, No. 16-CIV-3895, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (holding that document should be sealed in part because "the principle of international comity counsels in favor of protecting the document from disclosure").

For the reasons set forth above, we respectfully request that Exhibit 8 and references thereto in the Hagen Declaration and the Request for Restitution be permitted to be filed under seal.

Respectfully submitted,

  */s/ Mark S. Cohen*
Mark S. Cohen
Christian R. Everdell
Shannon A. Daugherty
**COHEN & GRESSER LLP**
800 Third Avenue

---

[2] In an abundance of caution, the name of the medical professional is also redacted from the Request for Restitution and supporting materials.



The Honorable Lorna G. Schofield
October 25, 2022
Page 3

                                              New York, NY 10022
                                              Phone: 212-957-7600

cc:  All counsel of record (via ECF)