**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

May 31, 2023

**BY EMAIL**

Financing Department
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
criminaldebt@nysd.uscourts.gov

> Re:   ***United States v. Glencore International A.G.***, 22 Cr. 297 (LGS)
>         **Partial Disbursement of Restitution Award**

Dear SDNY Financing Department:

We represent Dr. Ian and Laurethé Hagen (the "Hagens") in connection with their claim for restitution in the above-referenced matter.  Pursuant to the Court's order issued yesterday, May 30, 2023, we write to request disbursement of 50% of the restitution funds paid by Defendant Glencore International A.G. ("Glencore") to the Clerk of Court.  (*See* Dkt. No. 53 (May 30, 2023, Order) (attached hereto as **Exhibit A**).)

Glencore has deposited with the Clerk of Court a court-ordered restitution award in the amount of \$39,810,068.05.  (*See* Dkt. No. 44 (Consent Order of Restitution).)  By her May 30, 2023, Order, Judge Schofield ordered that fifty percent (50%) of this amount be disbursed to the Hagens upon execution of the Waiver Letter, a form of which was appended to the Hagens' April 19, 2023, letter motion.  (*See* Dkt. No. 46-1 (Form Waiver Letter).)  Dr. Ian and Laurethé Hagen have both executed the Waiver Letter.  An executed copy is attached as **Exhibit B** (English and French versions attached).

Accordingly, please disburse \$19,905,034.03 — representing 50% of the court-ordered restitution amount (\$39,810,068.05 * 50%) — to Cohen & Gresser LLP's attorney escrow account.  Our escrow account information is included in the accompanying Form AO 213 (Request for Payee Information and TIN Certification).

SDNY – Financing Department
May 31, 2023
Page 2


Please contact us with any additional information that your office needs to complete the disbursement.

Respectfully submitted,

*Mark Cohen/DFL*

Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

Copy by email:
Howard.shapiro@wilmerhale.com
Counsel for Defendant Glencore International A.G.

# Exhibit A



**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

May 1, 2023

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

The Court adopts in part Defendant's proposal.  Upon execution of the Waiver Letter, fifty (50) percent of the court-ordered restitution award shall be disbursed to the Hagans.  The remainder of the funds will be disbursed to the Hagans upon the entry of a consent judgment in the DRC court.  Defendant shall pay any administrative fees or other costs necessary to obtain the judgment, including the fee to receive an official copy of the DRC judgment and legal fees associated with the proceedings.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 46.

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Dated: May 30, 2023
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    *United States v. Glencore International A.G.*, 22 Cr. 297 (LGS) Reply in
    Further Support of Motion for Release of Restitution Funds (ECF No. 46)

Dear Judge Schofield:

On behalf of our clients, Dr. Ian and Laurethé Hagen, we write to reply to the Response to Motion for Release of Restitution Funds (ECF No. 49) (the "Response") submitted by Glencore.[1]  The Response makes clear that when it comes to the Hagens and Crusader, Glencore simply cannot help itself.  Rather than coming to a reasonable agreement that would satisfy this Court's Opinion and Order and ensure prompt payment to the Hagens, Glencore instead asserts that the Court should withhold 90% of the restitution funds while it pursues yet another proceeding in the DRC, apparently so that it can use the restitution process to insulate itself against the theoretical risk of third-party claims.  Further, Glencore improperly contests for the very first time the Hagens' ability to bind Crusader and those acting on its behalf.  Glencore's positions are meritless and should be rejected.

I.    **Glencore Gives No Reason Why the Hagens Should Not Be Paid in Full Immediately**

Glencore concedes that the funds are due to the Hagens and that it "is not seeking to avoid paying the funds it has already deposited with the Clerk."  (Response at 5.)  The remaining issue in dispute, then, is the timing of such payment.  As noted in our Motion, the Hagens will execute a Waiver Letter that under DRC law fully protects against double recovery and satisfies this Court's Opinion and Order.  Payment should be made upon execution of that Letter.  This should end the analysis—the Court can and should order the release of the restitution funds on that basis.  However, Glencore insists on an additional procedure under which the parties will seek a jugement d'expédient from the DRC courts to ratify the Waiver Letter.  Although our

---

[1] Capitalized terms not defined herein have the same meaning as in the Motion for Release of Restitution Funds (ECF No. 46) (the "Motion").

The Honorable Lorna G. Schofield
May 1, 2023
Page 2

DRC law expert does not believe that such a procedure is necessary (or will work), the Hagens are willing to proceed with it, as long as they receive full payment upon execution of the Waiver Letter and Glencore pays all the fees and costs, including legal fees, necessary for the proceeding.  (Motion at 6-7.)  Glencore contends, however, that the Hagens should receive only 10% of the restitution funds upon execution of the Waiver Letter.  (Response at 1, 5.)

For all its discussion about the need to obtain a jugement d'expédient, and efforts to set up some sort of hypothetical "battle of experts," Glencore does not identify a single reason why the full restitution award should not be paid to the Hagens once they sign the Waiver Letter. That is because there is none.  Indeed, there is good reason to follow the timing the Hagens propose.  As discussed in our Motion, once the Hagens sign the Waiver Letter, Crusader waives all of its rights in the DRC.  Under Glencore's proposal, Crusader will lose its ability to enforce the DRC Judgment and the Hagens will be unable to collect 90% of the restitution funds unless and until the DRC court issues the jugement d'expédient, regardless of how long that may take. (Motion at 5.)

Tellingly, Glencore never addresses this issue in its Response and instead asks the Hagens and this Court to accept its unsupported assurances that the process to obtain a jugement d'expédient in the DRC "can be expeditious" and "could likely be obtained" in "approximately two weeks."  (Response at 5; ECF No. 49-1 ¶ 52.)  The Court should not leave the Hagens without recourse in the DRC courts, which could deny the request for a jugement d'expédient, require other proceedings, or delay the proceedings for weeks, months or longer.  (Motion at 5-6; Lemaire Supp. Decl. ¶¶ 14-15.)  Nor should the Hagens have to trust the DRC courts, where their last experience involved bribery by Glencore and over a decade of litigation.

For these reasons, regardless of whether the Court chooses to proceed with the Waiver Letter or the jugement d'expédient approach, the Court should order that the full restitution award shall be paid immediately upon notification that the Hagens have delivered an executed Waiver Letter to Cohen & Gresser to be held in escrow.  (Motion at 6-7.)

## II.    The Hagens' Signature Binds Crusader and Its Managers to the Waiver Letter

Glencore argues for the first time in its Response that the Hagens do not have authority to sign the Waiver Letter because Dr. Kasongo is the only manager of Crusader.  (Response at 4.) This is an odd position for Glencore to take, given that Glencore also states in its Response that it plans to rely on the Waiver Letter to obtain the jugement d'expédient.  (Response at 5 ("Crusader and KCC [will] appear before a judge in the DRC so that he may take note of the Waiver Letter … and issue a consent judgment to that effect.").)  Glencore acknowledges that the Waiver Letter is "akin to [] signing a contract between Crusader and KCC," and does not dispute the substance of the Letter.  (Response at 3.)

Regardless, Glencore is simply wrong about the Hagens' authority to bind Crusader. Glencore reached its erroneous conclusion by relying on invalid Crusader bylaws from 2015.

The Honorable Lorna G. Schofield
May 1, 2023
Page 3

(Lemaire Supp. Decl. ¶ 3.)  As set forth in the Supplemental Declaration of Herman Lemaire, Crusader's bylaws were amended at a shareholders' meeting on October 22, 2022, to establish three managers: Dr. Ian Hagen, Laurethé Hagen, and Dr. Peniel Kasongo.  (*Id.* ¶ 4.)  The shareholder minutes were signed by all three as Crusader's shareholders.  (*Id.*)  As managers, the Hagens have full authority to bind Crusader and all of its officers and managers—including Dr. Kasongo—to the Waiver Letter.  (*Id.* ¶¶ 6-8; Dkt. No. 46-3 ¶¶ 16-18.)  Nothing in the Response calls this into question.  (Lemaire Supp. Decl. ¶ 12.)  Indeed, had Glencore raised this at any point (including our meet and confer discussions), we would have provided this information.

## III.    The Hagens Should Not Bear the Risk of Any Third-Party Claims

Glencore expresses concern that the Waiver Letter will not bind potential third-party creditors who might seek to enforce the DRC Judgment against it.  (Response at 3.)  But as the Court recognized, the MVRA is concerned about preventing double recovery by the victims, not protecting the defendant against all theoretical third-party claims.  The Hagens cannot be responsible for third-party risks that Glencore could face due to its own criminal conduct.  Nor should Glencore be permitted to shift that risk to the Hagens by withholding the restitution funds. *See, e.g.*, *United States v. Yalincak*, 30 F. 4th 115, 130 (2d Cir. 2022) ("[T]he MVRA's main priority is securing recoveries for victims, not ensuring the most predictable restitution arrangement for defendants." (citing *Dolan v. United States*, 560 U.S. 605, 613 (2010))).

Regardless of which approach the Court takes, it should order that the full restitution award shall be paid immediately to the Hagens in accordance with the order of performance specified in our Motion.  (Motion at 6-7.)  If the Court requires the parties to obtain a jugement d'expédient, the Court should further order that, following full payment of the restitution award upon delivery of the Waiver Letter, Glencore and KCC shall enter into a separate agreement with Crusader in which they agree to pay any administrative fees or other costs necessary to obtain a jugement d'expédient, including the fee to receive an official copy of the DRC Judgment, and Crusader's legal fees associated with the proceedings.  (Motion at 6-7 & Ex. B.)

Respectfully submitted,


   */s/ Mark S. Cohen*
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

# Exhibit B

Crusader Health RDC SARL

57, Avenue
LUSANGA DILALA
– Kolwezi Rép.
Dém du Congo

Phone:  +243 (81) 5763178
Fax:    +233 (362) 21538
Email:  Ian.Hagen@Crusader-Health.com



Deo Gloria
A Dieu soit la gloire

KAMOTO COPPER COMPANY
Usine de Luilu
Commune of Dilala
Kolwezi

*By hand with acknowledgement of receipt*

May 30, 2023

Dear Sirs,

We refer to the judgment which was rendered on 31 December 2019 by the Commercial
Court of Kolwezi under reference RAC 166 in a case opposing our company as plaintiff to
your company as defendant (the "DRC Judgment").

The DRC Judgment rendered in the first instance ordered KAMOTO COPPER COMPANY
SA to pay us the sum of 6,864,556 US dollars as compensation for breach of the contract of
10 September 2018 and the sum of 4,000,000 US dollars for all damages. This judgment has
not yet been served.

We hereby inform you that your parent company, Glencore International AG ("Glencore"),
has been ordered to pay us restitution on behalf of Crusader Health RDC SARL ("Crusader")
in the amount of $39,810,068.05 (the "Restitution Award") pursuant to an Opinion and Order
issued by the United States District Court, Southern District of New York (the "Court"), on
27 February 2023 (the "Opinion and Order"), and a Consent Order of Restitution, dated
March 15, 2023 (the "Consent Order"). Glencore has paid the Restitution Award to the Clerk
of the Court.

The Restitution Award to be paid to us on behalf of Crusader Health RDC SARL includes
damages also included in the DRC Judgment pursuant to RAC 166.

Since by virtue of the principle that no one can be compensated several times for the same
harm, we hereby officially notify you that from the delivery of this executed waiver to
Kamoto Copper Company SA following payment of the Restitution Award to the escrow
account of Cohen & Gresser LLP for immediate disbursement to us (the "Effective Date"),
Crusader definitively and irrevocably waives: (i) any enforcement of the DRC Judgment, the
recovery of any of the amounts allocated to us therein, or any other advantage that could be
taken thereof; and (ii) the ability to seek further relief in the Democratic Republic of the
Congo for the categories of restitution awarded in the Opinion and Order. For the avoidance
of doubt, upon the Effective Date, Crusader irrevocably and unconditionally, completely, and
comprehensively releases, holds harmless, and quitclaims Kamoto Copper Company and any
and all entities or persons affiliated with Glencore for the DRC Judgment and any further

relief in the Democratic Republic of the Congo for the categories of restitution awarded in the Opinion and Order.

The above waiver and release is binding from the Effective Date on Crusader and any of its affiliates and successors and assigns by way of merger, demerger, absorption, consolidation, reorganization, acquisition, assignment or otherwise and any of its managers, officers, or anyone acting on Crusader's behalf.

This letter has been authenticated by a notary and is delivered to you by courier against acknowledgement of receipt.

Sincerely yours,

Ian HAGEN
Managing Director

Laurent HAGEN
Managing Director
May 30, 2023

Intentionally Left Blank

Crusader Health RDC SARL

57, Avenue
LUSANGA DILALA
– Kolwezi Rép.
Dém du Congo

Phone:  +243 (81) 5763178
Fax:    +233 (362) 21538
Email:  Ian.Hagen@Crusader-Health.com



Deo Gloria
A Dieu soit la gloire

KAMOTO COPPER COMPANY
Usines de Luilu
Commune de Dilala
Kolwezi

*Par porteur contre accusé de réception*

Le 30 mai 2023

Messieurs,

Nous nous référons au jugement qui a été rendu le 31 décembre 2019 par le Tribunal de Commerce de Kolwezi sous la référence RAC 166 dans une cause opposant notre société en qualité de demanderesse à votre société en qualité de défenderesse (le « Jugement congolais »).

Le Jugement congolais, rendu en première instance a condamné KAMOTO COPPER COMPANY SA à nous payer une somme de 6.864.556 dollars américains à titre d'indemnité de rupture du contrat du 10 septembre 2018 et une somme de 4.000.000 dollars américains pour tous préjudices confondus. Ce jugement n'a pas encore été signifié.

Nous vous informons par la présente que votre société-mère Glencore International AG («Glencore ») a été condamnée à nous payer, pour le compte de Crusader Health RDC SARL, des dommages d'un montant de 39.810.068,05 dollars américains (le « Montant du Dommage ») en exécution d'un avis-ordonnance (l'« Opinion and Order ») prononcé par la United States District Court, Southern District of New York (la « Cour »), le 27 février 2023  et d'une ordonnance-consentement  de dommages (le « Consent Order of Restitution ») du 15 mars 2023. Glencore a payé le Montant du Dommage au greffe de la Cour.

Le Montant du Dommage à nous payer pour le compte de Crusader Health RDC SARl comprend des dommages également inclus dans le Jugement congolais sous référence RAC 166 .

En application du principe que personne ne peut être indemnisé plusieurs fois pour le même dommage, nous vous notifions officiellement par la présente, que,  la livraison à  KAMOTO COPPER COMPANY SA de la présente lettre de renonciation, faisant suite au paiement du Montant du Dommage sur le compte-séquestre de Cohen & Gresser LLP pour décaissement immédiat en notre faveur (la « Date de Prise d'Effet »), Crusader renonce définitivement et irrévocablement  (i) à exécuter le Jugement congolais, à recouvrer les montants qui lui y sont alloués ou à en retirer quelque autre avantage et (ii) à demander réparation en République Démocratique du Congo pour des catégories de dommages alloués dans l'Opinion and Order. Pour éviter toute ambiguïté, à la Date de Prise d'Effet, Crusader décharge met hors de cause et tient quitte, complètement et intégralement, de manière irrévocable et inconditionnelle, Kamoto Copper Company  et toutes entités et personnes physiques affiliées à Glencore



AG, par rapport au Jugement Congolais et à toute autre demande de réparation en République Démocratique du Congo, pour les catégories de dommages alloués dans l'Opinion and Order.

La renonciation et décharge ci-dessus engage, à partir de la Date de Prise d'Effet, Crusader, toute société affiliée, ayant droit et cessionnaire quelconque de celle-ci, qui lui succéderait par voie de fusion, scission, absorption, consolidation, réorganisation, acquisition, cession ou toute autre opération, ainsi que tout dirigeant, fondé de pouvoir ou autre personne agissant en son nom.

La présente lettre a été authentifiée par notaire et vous est délivrée par porteur contre accusé de réception

Veuillez agréer, Messieurs, l'assurance de nos sentiments distingués.

Ian HAGEN
Gérant

Laurethé HAGEN
Gérante
le 30 mai 2023